IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEVITICUS CRUMP,<br><br>    PLAINTIFF,<br><br>    v.<br><br>OFFICER KURT HENDERSON, OFFICER TERRY RICHARDSON, DETECTIVE ERIC BARTON, OFFICER RICHARDS, DETECTIVE KEN VAUGHN, UNKNOWN ZION POLICE OFFICERS, and the CITY OF ZION,<br><br>    Defendants. | Case No.<br><br>Judge<br><br>Magistrate Judge |

## **COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, by and through his attorney, Amanda S. Yarusso, and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit OFFICER KURT HENDERSON, OFFICER TERRY RICHARDSON, DETECTIVE ERIC BARTON, OFFICER RICHARDS, DETECTIVE KEN VAUGHN, and UNKNOWN ZION POLICE OFFICERS (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF ZION.

## **JURISDICTION**

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## **PARTIES**

2.     PLAINTIFF is a resident of the State of Illinois and of the United States.

3.     The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF ZION.

1

4.     The CITY OF ZION is a duly incorporated municipal corporation and is the employer

and principal of the DEFENDANT OFFICERS, as well as the other officers and/or employees

referred to in this Complaint.  At all times material to this Complaint, the DEFENDANT

OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom

and usages of the CITY OF ZION.

### FACTS

5.     On or about December 30, 2010, some or all of the DEFENDANT OFFICERS came to

the residence located at or near 2203 Elisha, Apartment C, City of Zion, Lake County, Illinois,

where PLAINTIFF was located.

6.     On or about December 30, 2010, some or all of the DEFENDANT OFFICERS executed

a search warrant for 2203 Elisha, Apartment C, City of Zion, Lake County, Illinois and for the

search of Leviticus Crump.

7.     In the execution of the search warrant, some or all of the DEFENDANT OFFICERS

deployed a flash grenade by throwing the grenade through a window into the residence.

8.     Prior to deploying the flash grenade into the residence, the DEFENDANT OFFICERS

failed to announce or warn the persons located inside the residence, including the PLAINTIFF, of

the flash grenade or other use of force.

9.     Prior to deploying the flash grenade into the residence, the persons inside the residence,

including the PLAINTIFF, had done nothing to threaten or endanger the officers.

10.     Prior to deploying the flash grenade, the DEFENDANT OFFICERS had no justification

for the use of force in the form of the flash grenade.

11.     The DEFENDANT OFFICERS deployed the flash grenade unnecessarily, unreasonably,

recklessly, willfully and wantonly, and without justification.

12.    The DEFENDANT OFFICERS deployed the flash grenade and caused it to land on or near the PLAINTIFF who was lying on the ground pursuant to the DEFENDANT OFFICERS' commands to get down.

13.    The flash grenade exploded on or near the PLAINTIFF, causing severe and permanent injury to the PLAINTIFF.

14.    PLAINTIFF sustained severe burns to his left side, the back of his neck and head and left shoulder.  The burns to his shoulder required treatment by a burn specialist, surgery and skin grafts.  PLAINTIFF'S shoulder remains scarred and permanently injured.

15.    PLAINTIFF sustained injury to his left ear including bleeding from his inner ear and hearing loss.  PLAINTIFF'S hearing is permanently compromised as a result of the flash grenade exploding on or near him.

16.    PLAINTIFF endured physical pain and emotional distress and suffering as a result of the DEFENDANT OFFICERS' use of force in the form of a flash grenade deployed on or near PLAINTIFF'S person.

17.    After entering the residence, despite PLAINTIFF'S injuries, the DEFENDANT OFFICERS proceeded to aggressively seize the PLAINTIFF, handcuff him and search him, threatening to send him to jail if anything was found in the residence.

18.    After completing the search of the residence and PLAINTIFF, and finding no contraband, the DEFENDANT OFFICERS released the PLAINTIFF.

19.    The PLAINTIFF was treated in the emergency room on December 30, 2011, and received extensive medical treatment after the incident for his injuries.

20.     Some or all of the DEFENDANT OFFICERS were present and failed to intervene in the other officers' use of force (i.e. deployment of the flash grenade and forceful arrest and handcuffing) on the PLAINTIFF.

21.     On or about December 30, 2010, the PLAINTIFF did not obstruct justice, resist arrest, batter and/or assault any of the DEFENDANT OFFICERS.

22.     The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

23.     On December 30, 2010, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

24.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, the PLAINTIFF was caused to suffer damages.

25.     On or about December 30, 2010, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF ZION.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.

26.     The DEFENDANT OFFICERS are sued in their individual capacity.

27.     The CITY OF ZION is sued as the employer and indemnifier of the DEFENDANT OFFICERS.

### COUNT I
### Excessive Force Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

28.     PLAINTIFF re-alleges paragraphs 1 – 27 as though fully set forth herein.

4

29.     The DEFENDANT OFFICES' actions and/or the DEFENDANT OFFICERS' failure to intervene in the actions of the other officers amounted to an excessive use of force onto the PLAINTIFF.

30.     This conduct violated the Fourth Amendment of the United States Constitution.

31.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

        WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF further demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT II
### Battery – State Law Claim

32.     PLAINTIFF re-alleges paragraphs 1 – 27 as though fully set forth herein.

33.     The DEFENDANT OFFICERS deployed a flash grenade on the PLAINTIFF intentionally, without consent and without justification.

34.     The DEFEDANT OFFICERS used force in seizing and handcuffing the PLAINTIFF, intentionally, without consent and without justification.

35.     The PLAINTIFF suffered injury as a result.

36.     The conduct of the DEFENDANT OFFICERS constituted offensive contact.

37.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the injuries set forth above.

        WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS and from the CITY OF ZION, as their employer.  PLAINTIFF further demands

punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief

this Court deems equitable and just.

## COUNT III
### Willful and Wanton Conduct – State Law Claim

38.    PLAINTIFF re-alleges paragraphs 1 – 27 as though fully set forth herein.

39.    The DEFENDANT OFFICERS owed PLAINTIFF a duty.

40.    The DEFENDANT OFFICERS deployed a flash grenade on the PLAINTIFF, in breach

of that duty.

41.    The DEFEDANT OFFICERS used force in seizing and handcuffing the PLAINTIFF, in

breach of that duty.

42.    The DEFENDANT OFFICERS committed these acts willfully or wantonly.

43.    The PLAINTIFF suffered injury as a result.

44.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the injuries set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT

OFFICERS and from the CITY OF ZION, as their employer.  PLAINTIFF further demands

punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief

this Court deems equitable and just.

## COUNT IV
### 745 ILCS 10/9-102 Indemnification Claim Against the CITY OF ZION

45.    PLAINTIFF re-alleges paragraphs 1 – 44 as though fully set forth herein.

46.    Defendant CITY OF ZION is the employer of the DEFENDANT OFFICERS.

47.    The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law

and in the scope of employment of the CITY OF ZION.

WHEREFORE, should the DEFENDANT OFFICERS be found liable in this cause of action, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF ZION pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS.

## COUNT V
### State *Respondeat Superior* Claim

48.     PLAINTIFF re-alleges paragraphs 1 – 44 as though fully set forth herein.

49.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of their employment and therefore the Defendant CITY OF ZION, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, PLAINTIFF demands judgment against the CITY OF ZION and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

50.     PLAINTIFF demands trial by jury.


Respectfully submitted,


/s/ Amanda S. Yarusso_____
Attorney for the PLAINTIFF


Amanda S. Yarusso
ARDC 6280081
20 N. Clark St., Suite 1700
Chicago, Illinois 60602
Tel: 773-510-6198
Email: amanda.yarusso@gmail.com

7